

*MURIEL GOODE-TRUFANT*
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

*SONYA GIDUMAL CHAZIN*
*Senior Counsel*
Labor & Employment Law Division
(212) 356-0890
schazin@law.nyc.gov

March 7, 2025

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

Re: Zapantis-Dalamakis v. City of New York, et al.
24 Civ. 4631 (KAM)(JRC)

Dear Judge Matsumoto:

I am an Assistant Corporation Counsel in the Office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York, assigned to represent Defendants in the above-referenced matter. I write today pursuant to Your Order dated February 27, 2025, to address the relevance of Russo v. Patchogue-Medford Sch. Dist., No. 24-378-cv, 2025 U.S. App. LEXIS 4459 (2d Cir. Feb. 26, 2025) ("Russo"), and New Yorkers for Religious Liberty, Inc. v. City of N.Y., 125 F.4th 319 (2d Cir. 2024) ("NYFRL") in the above-captioned matter.

It is Defendants' position that the Second Circuit's NYFRL decision conclusively determined: (1) that class-wide claims are not viable in cases such as this; and, (2) that the vaccine mandates issued by the City of New York were neutral and generally applicable in all their iterations. Federal courts throughout the Second Circuit, and state courts at both the trial and appellate levels, have consistently found that the vaccine mandates applicable to employees of the City of New York and DOE were neutral and generally applicable and did not violate the United States Constitution. In light of the Court's decision in NYFRL, which explicitly states that, as it pertains to the Kane court's holding that the City's "Vaccine Mandate, in all its iterations, [wa]s neutral[,] generally applicable," and that "[t]hat holding from Kane I remains binding," it is Defendants' position that any attempt by Plaintiffs to argue otherwise here will be similarly unavailing.

With respect to Russo, it is Defendants' position that the Second Circuit, in affirming the district court's decision to grant summary judgment to the defendant, makes clear that where an individual's request for a religious accommodation would result in her employer

violating the law, that individual is not entitled to such an accommodation because a violation of law constitutes an undue hardship under Title VII. Furthermore, Russo makes clear that where an individual's requested accommodation would result in the employer having to incur additional costs to accommodate an individual, including hiring a replacement to cover essential functions of that individual's job, the requested accommodation would also result in an undue hardship. Here, allowing any of the Plaintiffs to be exempt from the DOE's vaccine mandate would have constituted an undue hardship because such exemptions would have violated the Order issued by the Commissioner of the New York City Department of Health and Mental Hygiene, which required DOE employees to show proof of at least one dose of vaccination against COVID-19 by September 27, 2021, and would have caused the need to hire an individuals to cover essential functions of the Plaintiffs' jobs. Finally, Russo makes clear that a defendant's enforcement of a "valid vaccination or testing requirement[]" does not constitute retaliation. Though Plaintiff's attempt to state otherwise here, and because the vaccine mandates have consistently been upheld as valid and lawful, such claims are futile.

      Accordingly, the Court should grant Defendants' request for a premotion conference to discuss Defendants' anticipated motion to dismiss, and deny Plaintiffs leave to amend their complaint a second time. Additionally, Defendants continue to request a stay of discovery pending the disposition of their anticipated motion to dismiss the Amended Complaint.

      Respectfully submitted,

      Sonya Gidumal Chazin
      Assistant Corporation Counsel

cc: All counsel of record (Via ECF)