# EXHIBIT 2

| | |
|---|---|
| **From:** | Paulson, Susan (Law) |
| **To:** | Sujata Gibson; bblack@nelsonmaddenblack.com; Jonathan Nelson; Sarah Child |
| **Cc:** | Dearing, Richard (Law); Slack, Devin (Law) |
| **Subject:** | FW: Appeal Panel Decision Summaries |
| **Date:** | Monday, December 13, 2021 4:27:15 PM |

Counsel,

I am forwarding to you the below summaries of the reasons for the decisions on your clients' appeals, which I received at 3:02 p.m. from the Citywide Panel.

Susan

Susan Paulson
Senior Counsel │ Appeals Division
New York City Law Department
100 Church Street
New York, New York 10007
(212) 356-0821 │ spaulson@law.nyc.gov

The summaries of the reason for the decision in each appeal is below:

**APPEAL NO. 00004822, Sarah Buzaglo**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Buzaglo's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Rather, the appellant's decision not to vaccinate comes from non-religious sources: a belief that the mandate is unconstitutional – a legal contention that has been rejected by courts of competent jurisdiction -- and factual beliefs about the vaccination that conflicts with the factual findings of the DOHMH Commissioner in imposing the mandate.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004823, Matthew Keil**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Keil's reasonable accommodation. One panel member found that appellant articulated a sincerely held religious belief that precludes vaccination and be entitled to a reasonable accommodation if one did not present an undue

hardship.  The others did not reach this issue because the panel determined that a religious accommodation cannot be granted because, even assuming a valid basis for a reasonable accommodation, the DOE has satisfied what is necessary under the law to demonstrate undue hardship.  Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.  DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004824, Ingrid Romero**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Romero's reasonable accommodation.  The record before the Panel demonstrated that the employee's articulated religious beliefs do not appear to be the basis for the appellant's decision not to vaccinate in view of the fact that she has previously accepted comparable medical treatments.  While the appellant claims that she changed her views three years ago, she points to no examples to demonstrate how she has acted on these changed beliefs outside the specific context of COVID-19 vaccines.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship.  Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.  DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004825, Heather Clark**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Clark's reasonable accommodation.  The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination.   Rather, the appellant's decision not to vaccinate comes from non-religious sources:  a fact-based review of CDC information about the vaccine and concerns about vaccine efficacy.  Supplemental questions further support the conclusion, at bottom, that the appellant is making fact-based choices about foods and medicines.

One panel member would also deny the reasonable accommodation on the grounds of undue hardship.  One panel member believes appellant has sufficiently established a sincerely held religious belief that precludes vaccination, and would vote to grant the accommodation sought.

**APPEAL NO. 00004826, Robert Gladding**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Gladding's reasonable accommodation.  The record before the Panel demonstrated that the employee's sincerely held

religious beliefs, which the panel does not question, are not preventing the employee from vaccination.  Indeed, the appellant explains his understanding of the religious doctrine articulated is that it is ultimately appellant's choice to take or abstain from food and medication based on his view of the facts and circumstances and his documentation from clergy likewise supports this understanding.  In this case, appellant acknowledged he considered whether to take the vaccine and ultimately chose not to.  The appellant is not entitled, under the law, to a reasonable accommodation concerning his personal, fact-based decision not to take the vaccine.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship.  Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.  DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004827, Michael Kane**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Kane's reasonable accommodation.  The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination.  Indeed, the appellant explains his understanding of the religious doctrine articulated is that it is ultimately appellant's choice to take or abstain from food and medication based on his factual determination as to whether he considers the item to contain pollutants.  Appellant, despite being given an opportunity to do so, did not list any substances that fall into this category. The appellant is not entitled, under the law, to a reasonable accommodation concerning his personal, fact-based decision not to take the vaccine.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship.  Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.  DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004828, Stephanie DiCapua**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant DiCapua's reasonable accommodation.  The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination.  Rather, it appears the employee's decision to refuse vaccination is based on her factual views of the COVID-19 mandate and vaccine.  The employee did not provide, beyond the most general response, any examples of other medications or specific vaccines she has refused due to her articulated religious belief.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship.  Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.  DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004829, Nwakaego Nwaifejokwu**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Nwaifejokwu's reasonable accommodation.  The record before the Panel demonstrated that the employee holds sincerely held religious beliefs sufficient to justify a reasonable accommodation if such accommodation did not present an undue hardship.  However, the panel believes the DOE has successfully demonstrated that an accommodation, in appellant's case, would create an undue hardship if granted.  Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.

**APPEAL NO. 00004830, Sasha Delgado**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Delgado's reasonable accommodation.  The record before the Panel demonstrated facts that cast doubt on appellant's claim that the religious belief she articulated would preclude her from vaccination.  While appellant said she would abstain from other medication should she learn similar things about its development, the only medication in which appellant seems to have had sufficient concern to research whether it was tested on such cells is the COVID-19 vaccine.  Indeed, appellant suggests that she may have taken similar medications in the past based on the "belief" that they were not tested on fetal cells.  These responses strongly indicate appellant is taking a different approach with respect to the COVID-19 vaccine than she does in analogous circumstances.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship.  Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.  DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004831, Margaret Chu**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Chu's reasonable accommodation.  The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the

panel does not question, are not preventing the employee from vaccination.  Indeed, the religious doctrine articulated provides, ultimately, for appellant to choose to take or abstain from vaccination based on her view of the facts and circumstances.  The appellant is not entitled, under the law, to a reasonable accommodation concerning her personal, fact-based decision not to take the vaccine.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship.  Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.  DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

### APPEAL NO. 00004832, John Deluca

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Deluca's reasonable accommodation.  The record before the Panel demonstrated that the employee holds sincerely held religious beliefs sufficient to justify a reasonable accommodation if such accommodation did not present an undue hardship.  However, the panel believes the DOE has successfully demonstrated that an accommodation, in appellant's case, would create an undue hardship if granted.  Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.

### APPEAL NO. 00004833, William Castro

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to REVERSE the DOE's determination and grant Appellant Castro's reasonable accommodation.  The record before the Panel demonstrated, to the satisfaction of two panel members, that the employee has sufficiently established that he holds sincerely held religious beliefs, of which he and his family have consistently adhered to, that require appellant to abstain from vaccination.  The other panel member would deny the accommodation on the ground that that the record demonstrates the appellant's choice not to vaccinate is a result of his personal decision, not a religious practice or belief.

The record is unclear whether the DOE denied appellant's accommodation because it believed the accommodation presented an undue hardship.  In any event, the DOE did not respond to the panel's request for specific details about such an argument if it did.  However, we note that, as part of the accommodation, the DOE may, if it so chooses, reassign appellant to a non-classroom position in order to comply with the Health Commissioner's mandate that unvaccinated individuals should not be present in schools or around children.

### APPEAL NO. 00004834, Trinidad Smith

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has

voted to AFFIRM the DOE's determination to deny Appellant Smith's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Indeed, the appellant, in his documentation, refused to rule out use of such medications if ultimately it was a necessary medical intervention for him instead noting, thus far, he has had no such occasions to require medication and had not previously been vaccinated.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004835, Dennis Strk**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Strk's reasonable accommodation. The record before the Panel demonstrated facts that cast doubt on appellant's claim that the religious belief he articulated would preclude him from vaccination. Specifically, appellant's responses are equivocal with regard to how acts on the articulated belief outside of the specific context of COVID-19 vaccination. For example, appellant does not deny using medications that are tested on fetal cell lines, only that he tends to "avoid" them and pursue alternatives if available. The submissions demonstrate the appellant is making a fact-based decision concerning vaccination and, in doing so, relying on incorrect facts regarding COVID-19 vaccines, such as that all COVID vaccines contain fetal cells.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.