# GIBSON LAW FIRM, PLLC

SUJATA S. GIBSON, ESQ.
120 E Buffalo St., Suite 2
Ithaca, New York 14850

---

March 20, 2026

**VIA ECF**
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

> **Re:**   *Zapantis-Dalamakis v. City of New York et al.* – 24 Civ. 4631 (KAM)(JRC)
> Pre-Motion Letter for Leave to File Third Amended Complaint and Related Relief

Dear Judge Matsumoto:

Pursuant to Your Honor's Individual Practice 3.6, Plaintiffs respectfully seek leave to: (1) file a Third Amended Complaint (TAC) adding new facts and individual capacity defendants based on evidence unsealed days ago by court order; (2) stay consideration of the pending motion to dismiss (ECF Nos. 24-26) pending resolution of the amendment; and (3) for whatever further or different relief the Court deems just.

Plaintiffs and Defendants have been conferring via email since yesterday. Defendants' counsel indicated that they require additional time for internal discussion and are not yet prepared to take a position or schedule a meet-and-confer. In light of the pending motion to dismiss, which has been sub judice for several months and may be decided at any time, Plaintiffs file this application now to avoid a ruling on an incomplete record in light of the newly unredacted evidence.

## I.      Pending Motion to Dismiss and Background

The newly discovered evidence is highly relevant to the claims currently sub judice. Plaintiffs are DOE employees denied religious accommodations to the City's September 2021 vaccine mandate. They assert constitutional, Title VII, and state/local statutory claims. Prior Second Circuit rulings in *Kane v. de Blasio* and *New Yorkers for Religious Liberty, Inc. v. City of New York* ("*NYFRL*") found viable free exercise claims but evaluated facial neutrality on an undeveloped early record that did not include specific allegations that the Mandate's author (Commissioner Chokshi) or other senior City officials were involved in the DOE's religious accommodation process evidenced hostility toward religious objections that would independently bear on neutrality of the mandate as a whole.

In their briefing on the pending motion, Plaintiffs argue that *Kane* and *NYFRL* (while otherwise helpful to their cases) do not define the "law of the case" regarding facial neutrality because the proposed SAC in this case presents specific evidence of high-level City participation in a discriminatory process at DOE, supporting application of heightened scrutiny for all accommodation decisions. The City argues this evidence is insufficient to infer City participation.

1

## II.       The Relevance of the New Evidence

Days ago, Plaintiffs received a newly unredacted September 2021 email chain (**Exhibit A**) providing additional direct evidence of the tangible connection between the City and the DOE's religious exemption process. The emails show Commissioner Chokshi concurrently worked with City Hall and the Mayor's "COVID Czar" Jay Varma to develop and approve guidance directed at instructing and assisting arbitrators in rejecting particular categories of religious objections. The emails show religious animus as well, calling whole categories of belief "BS" among other indicia. This evidence changes the factual premise underlying prior neutrality determinations.

These emails were previously redacted and only recently produced following a state-court order from the Appellate Division, Second Department. See *Matter of Jimmy Wagner v. New York City Department of Health and Mental Hygiene* (Index No. 2023-07158). Plaintiffs received courtesy copies of the unredacted emails just days ago.

## III.      Bases for Amendment: Conduct Supporting Inference of Animus and Pretext

Among other relevant facts, the unredacted record and 2024 admissions by Jay Varma show:

1. **Coordinated Disparagement**: High-level City official Steven Banks directed Chokshi and a team from City Hall to create a letter to help religious accommodation evaluators "essentially make the argument as to why [certain religious objection – particularly abortion concerns] is BS." Chokshi's agreement to do so is inconsistent with the "neutral and respectful consideration" required under *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission*, 138 S. Ct. 1719 (2018). Because the government "cannot act in a manner that passes judgment upon or presupposes the illegitimacy of religious beliefs," this evidence supports a plausible inference that the mandate and process for implementing it were not neutral or respectful toward certain religious beliefs. *Id*. at 1729-1731. Under that standard, Chokshi's failure to repudiate or "disavow" characterizing whole categories of beliefs as "BS" is alone sufficient, at the pleading stage, to support an inference of animus and non-neutrality. *Id*. at 1729-30.

2. **Establishment Clause Violations**: the resulting "Chokshi letter" instructed arbitrators and Citywide Panelists and others reviewing DOE religious accommodation requests that religious objections were invalid because leaders like Pope Francis were vaccinated. The emails reveal City Hall added this to the Chokshi Letter after realizing they could not scientifically refute the use of aborted fetal cells in the production of the vaccines. Noting their source was more "neutral" on this issue than they'd hoped, Jackie Bray from City Hall advanced the idea of adding that even if aborted fetal cell lines were used, religious objections were still invalid based on City officials' interpretation of religious doctrine. Chokshi agreed and this "religious analysis" was added. The letter, particularly with the email sequence showing why this clause was added, supports a plausible Establishment Clause violation, as the government may not lend power to a religious dispute or "punish the expression of religious doctrines it believes to be false." *Emp. Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 877 (1990). This evidence also more than meets the minimal notice pleading standards for the statutory and Equal Protection based discrimination claims. *Littlejohn v. City of New York*, 795 F.3d 297, 306-311 (2d Cir. 2015).

3. **Admitted Policy of Harassment**: The involvement of Dr. Jay Varma—Senior Public Health Advisor to the Mayor, frequently described as the City's "COVID Czar"—provides another

2

critical "tangible connection" between City Hall, Chokshi and the DOE. These unredacted emails prove Varma remained a primary gatekeeper at City Hall through late September 2021, using an official JVarma@cityhall.nyc.gov email to exercise final approval power over the accommodation process. On September 21, 2021, Varma gave the final directive – "Memo ok with me"—to a policy document intended to provide "factual information" for arbitrators to use to argue why religious objections were "BS."

The Chokshi Letter Varma approved included a list of common medications (e.g., Tylenol, Advil) that City Hall staff explicitly admitted they "had not been able to verify" using aborted fetal cells similarly to the Covid-19 vaccines. Indeed, as asserted in the complaint in this matter, Tylenol and other brands listed in the letter have confirmed they did not use aborted fetal cells in any way to bring the product to market. Despite the lack of verification for the claim that these medications implicated abortion the same way as the Covid-19 vaccines, Varma and Chokshi authorized the list to be used in the adjudicative process to refute the sincerity of religious objections; employees were asked in hearings if they used these medications as a "gotcha" to brand their religious objections as insincere and sometimes flat out denied if they didn't think to mention that they did not use them. Thousands of DOE and City employees were denied on this basis alone.

Varma's participation in the 2021 efforts to categorically deny valid religious objections using unverified scientific claims makes his infamous 2024 admissions relevant here as well: captured on video, Varma admitted the mandates were a policy of "harassment" to make life "really [expletive] hard" for objectors, and that the mandates—which he was responsible for promulgating—were not strictly necessary because "natural immunity" and testing were as effective or more effective. Varma admitted he relied on this well-known scientific fact to participate in conduct inconsistent with the policies he publicly advanced including during the same period the mandate was issued.

Varma simultaneously bragged in those videos that he had been responsible for promulgating the mandates. This admission, coupled with the emails showing Varma's involvement with Chokshi to try to categorically suppress religious accommodation at DOE through scientific claims the City knew it could not verify supports a plausible inference of pretext and non-neutral application of the mandate.

## IV.  Requested Amendments and Abeyance

Plaintiffs seek to amend to add these facts and personal capacity claims against Chokshi, Varma, Banks, and Bray. The improperly withheld emails establish the personal involvement of these officials in the conduct at issue, including directing, drafting, and approving the guidance used to justify denial of valid religious accommodation requests. These allegations are sufficient at the pleading stage to support individual-capacity claims under 42 U.S.C. § 1983. Defendants knew or should have known they would be named. In the email chain, Jackie Bray even states that the memo they were drafting for Chokshi would "absolutely be subject to litigation."

Plaintiffs request that the Court hold any ruling on the pending Motion to Dismiss in abeyance to allow for the formal TAC and targeted supplemental briefing. No prejudice results to Defendants, as this case is at its inception, discovery has not yet begun, and the delay is attributable solely to the City's own multi-year suppression of these unredacted records.

3

Respectfully submitted,

/s/ Sujata Gibson

Sujata S. Gibson
120 E Buffalo Street, Suite 201
Ithaca, NY 14850
(607) 327-4125
sujata@gibsonfirm.law


CC:   All Counsel of Record (Via ECF)