

**STEVEN BANKS**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

*SONYA GIDUMAL CHAZIN*
*Senior Counsel*
Labor & Employment Law Division
(212) 356-0890
schazin@law.nyc.gov

April 20, 2026

<u>**VIA ECF**</u>
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

Re:   <u>Zapantis-Dalamakis v. City of New York</u>
24 Civ. 4631 (KAM)(JRC)

Dear Judge Matsumoto:

I am an Assistant Corporation Counsel in the Office of the Steven Banks, Corporation Counsel of the City of New York, assigned to represent Defendants in the above-referenced matter. Defendants respectfully submit this letter in response to the Court's Order, dated April 7, 2026, directing Defendants to respond to Plaintiffs' pre-motion letter, in anticipation of the upcoming pre-motion conference.

Defendants strongly oppose Plaintiffs' proposed third amended complaint as futile. Defendants have already moved to dismiss Plaintiffs' second amended complaint, ECF No. 18. Plaintiffs' third amended complaint must be dismissed for the same reasons identified in Defendants' motion to dismiss the second amended complaint, dated June 4, 2025— namely, the City must be dismissed as a defendant; Plaintiffs' claims are barred under CPLR Article 78; certain Plaintiffs' claims are time-barred; certain Plaintiff's claims are barred by res judicata and collateral estoppel; nearly all Plaintiffs' State and City Human Rights Law claims against DOE are barred for failure to timely file a notice of claim; Plaintiffs failed to timely exhaust their administrative remedies; Plaintiffs fail to state a claim against any Defendant; and Plaintiffs have violated Federal Rules of Civil Procedure 8(a) and 41(b).

Plaintiffs' proposed third amended complaint here does nothing to cure these fatal procedural and substantive defects and should therefore be denied. A motion to amend may be denied as futile where "[a proposed amendment] to a pleading . . . could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." <u>See</u> <u>Bentz v. City of N.Y.</u>, 249 F. Supp. 3d 640, 644 (E.D.N.Y. 2017) (quotations omitted) (quoting <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>,

282 F.3d 83, 87 (2d Cir. 2002)); see also Ruggiero v. Way, No. 19-CV-3631 (NSR), 2020 U.S. Dist. LEXIS 157964, at *10 (S.D.N.Y. Aug 31, 2020) (denying leave to amend where "no substantive changes creating plausible claims [were] proposed").  The factual allegations relating to the Plaintiffs have not been amended in any way that affects the above-mentioned procedural deficiencies. See Redlined Complaint, ECF No. 29 at Ex. A. Plaintiff has added six new Defendants, and sweeping allegations concerning an email exchange between the proposed new individual defendants in September 2021, see id. at Ex. C, over three years before this lawsuit was filed.  These amendments will not affect the Court's analysis of Plaintiffs' manifest procedural bars to suit.

Notwithstanding the above-mentioned procedural bars to suit, Plaintiffs' attempts to relitigate Kane v. De Blasio, 19 F.4th 152, (2d Cir. 2021) and New Yorkers for Religious Liberty, Inc. v. City of N.Y. ("NYFRL"), 125 F.4th 319 (2d Cir. 2024), are unavailing.  The Second Circuit ruled in Kane that "[t]he Vaccine Mandate, in all its iterations, [wa]s neutral and generally applicable."  Kane, 19 F.4th at 164.  That same finding "remain[ed] binding against Appellants' Free Exercise Clause challenge" in NYFRL. See 125 F.4th at 330. Plaintiffs' attempts to collaterally attack those findings through email exchanges that arose *before* Kane that had no appreciable effect on any applicant's request for a religious exemption do not change the Second Circuit's binding holding in Kane.  Plaintiffs cannot circumvent binding precedent by repackaging previously rejected arguments through newly pleaded email exchanges that predate Kane and had no impact on exemption determinations.

Additionally, it is Defendants' position that Plaintiffs' proposed third amended complaint contains knowingly false allegations, including false allegations made against Defendant Eichenholtz for his alleged involvement in the development and implementation of the City's COVID-19 Vaccine Mandate, and fails to follow judicial orders pursuant to Rules 8(a) and 41(b) of the Federal Rules of Civil Procedure.

Defendants also highlight that Plaintiffs' counsel has brought similar actions in E.D.N.Y. Clarke, et al. v. City of New York et al, No. 25-cv-00536-RER-CHK, Tunnell et al. v. City of N.Y. et al., No. 25-cv-1781-AMD-CHK, Collins v. City of N.Y. et al., No. 23-cv-09248-RER-CHK (E.D.N.Y.), ECF No. 33, Hogan v. City of N.Y. et al., No. 23-cv-8727-RER-CHK (E.D.N.Y.), and are not before Your Honor, but which contain similarly escalating allegations relating to the City's Vaccine Mandate.

For the foregoing reasons, Plaintiffs should be denied leave to amend their complaint; Defendants' motion to dismiss Plaintiff's second amended complaint, ECF No. 24, has been fully briefed and should still be considered by this Court.

Defendants thank the Court for its consideration of this submission.

Respectfully Submitted,

/s/ *Sonya Gidumal-Chazin*

Sonya Gidumal-Chazin
Assistant Corporation Counsel

cc:    Counsel of Record (By ECF)

2