United States District Court
Eastern District of New York

-----------------------------------X

Emily Zapantis-Dalamakis, et al.,

      *Plaintiffs,*

  – against –

City of New York, et al.,

      *Defendant.*

-----------------------------------X

**Memorandum & Order**

No. 24-cv-4631 (KAM) (JRC)

**Kiyo A. Matsumoto, United States District Judge:**

Presently before the Court is Plaintiffs' motion for leave to file a Third Amended Complaint, (ECF 29-1 (Third Amended Compl. ("TAC"), which is cited herein. Defendants "strongly oppose" Plaintiffs' motion as futile. (ECF No. 31.)

Having reviewed the parties' submissions, the record before the Court, and the relevant case law, for the reasons set forth below, Plaintiffs' motion for leave to file is DENIED.

## BACKGROUND

**I.   Factual Background and Prior, Related Litigation**

On August 24, 2021, the New York City Commissioner of Health and Mental Hygiene issued an order requiring that that Department of Education ("DOE") and City employees be vaccinated against the COVID-19 virus. *See Kane v. De Blasio* ("*Kane I*"), 19 F.4th 152, 159 (2d Cir. 2021). In September 2021, numerous unions filed

formal objections to the mandate on the grounds that it failed to provide medical or religious accommodations. (TAC at 66-69.) Eventually, an arbitrator issued a decision requiring the DOE to provide employees with reasonable religious accommodation. (TAC ¶ 72.) "The Accommodation Standards allowed employees to request a religious accommodation by submitting a request that is documented in writing by a religious official (e.g., clergy)." *Kane I*, 19 F.4th at 160 (internal quotation marks omitted). "The Accommodation Standards further provide that requests 'shall be considered for recognized and established religious organizations (e.g., Christian Scientists).'" *Id.* (internal quotation marks omitted). "The language setting forth the criteria for which religious beliefs could (and could not) qualify was largely proposed by the City and the DOE." (TAC ¶ 77.)

On September 15, 2021 the Vaccine Mandate was amended to provide: "Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law." (TAC ¶ 69.) Under the amended Accommodation Standards, the DOE denied "100% of applicants," with an auto-generated email citing undue hardship. (TAC ¶¶ 82-98.)

In *Kane I*, decided on November 28, 2021, the Second Circuit considered an appeal of the Southern District's denial of an earlier motion to preliminarily enjoin enforcement of the Vaccine Mandate. *Kane I*, 19 F.4th at 159-63. The Court held that "[t]he

2

Vaccine Mandate, in all its iterations, [wa]s neutral and generally applicable." *Id.* at 164.    The Court further found that the Vaccine Mandate's exemption policy did not treat secular conduct more favorably than comparable religious conduct.    *Id.* at 166. The Court determined, however, that the procedures implemented by the Arbitration Agreement as applied to the plaintiffs in that case "likely violated the First Amendment." *Id.* at 167.    The Court remanded and directed the City to reconsider the plaintiffs' religious accommodation requests by a new central citywide panel, which would adhere to Title VII.    *Id.* at 176–77.

In *New Yorkers for Religious Liberty v. City of New York* ("*NYFRL*"), decided on January 10, 2025, the Second Circuit considered facial and as-applied Constitutional challenges to the central citywide panel's review of religious accommodation requests.    125 F.4th 319 (2d Cir. 2025).    As relevant, the Court determined that the revised process by the central citywide panel did not facially violate the Establishment Clause or the Free Exercise Clause.    *Id.* at 330–32.

## II.  Procedural History

On July 1, 2024 Plaintiff Emily Zapantis-Dalamakis brought this action against the City of New York and the New York City DOE (together, "the City") arguing that her former employer discriminated against her on the basis of religion in violation of Title VII.    (ECF No. 1.)

On July 22, 2024 Zapantis-Dalamakis filed an amended complaint, naming 31 Plaintiffs, including Zapantis-Dalamakis, who were all employed by the DOE as teachers, administrators, or support staff and were suspended without pay on or about October 4, 2021. Each plaintiff challenged the denial of their religious accommodations to the City's Vaccine Mandate. (ECF No. 6.)

The City moved for leave to file a motion to dismiss the amended complaint. (ECF No. 14.) At a Pre-Motion Conference, this Court granted the Plaintiffs' request to file a Second Amended Complaint ("SAC") in lieu of motions practice as to the First Amended Complaint. (ECF entry at 3/19/2025.) This Court "strongly encouraged Plaintiffs not to include, in their second amended complaint, claims that the Second Circuit Court of Appeals has already determined are not viable. *See, e.g., New Yorkers for Religious Liberty, Inc. v. New York*, 125 F.4th 319, 330 (2d Cir. 2024) (per curiam)". (ECF entry at 3/19/2025.)

On April 11, 2025, Plaintiffs filed their SAC. (ECF No. 18.) On October 1, 2025, the City moved to dismiss the SAC, arguing, among other things, that the SAC was time-barred because the claims should have been brought in state court in an Article 78 proceeding; the Plaintiffs failed to state a claim for any Constitutional violations; a majority of the plaintiffs failed to timely file a Notice of Claim, a precondition to suit under New York State Human Rights Law ("NYSHRL") and New York City Human

4

Rights Law ("NYCHRL"); and the Title VII claims should be dismissed for failure to exhaust their administrative remedies. (ECF No. 24-1 (Mot.) at 19-39.)

Plaintiffs filed a response, and the City replied. (ECF Nos. 25, 26.) Before the Motion to Dismiss was decided, Plaintiffs sought leave to file a TAC. (ECF No. 29.) The Defendants opposed the filing of a TAC. (ECF No. 31.)

### III. Proposed Third Amended Complaint and Opposition

The parties agreed that their pre-motion conference letters, outlined below, would serve as their briefing on Plaintiffs' motion to file a TAC. (*See* ECF entry at 4/29/2026.)

Plaintiffs move to amend their complaint for a third time based on the "the production of a September 2021 email chain" which was "obtained in March 2026 following a court order from the Appellate Division, Second Department." (ECF No. 29 at 1.) Plaintiffs seek to add an additional six defendants, Dave Chokshi, Nellie Afshar, Steven Banks, Jackie Bray, Jay Varma, and Eric Eichenholtz, whom they describe as encompassing "the City's most senior officials." (*Id.*)

These emails, sent on September 20-22 of 2021, are between the proposed-six-additional-defendants listed above, and discuss Steven Banks's request that because there "is a medical aspect to the religious [accommodation] requests," including that "the religious claims cite that fetal tissue and/or certain animal

5

products were used in the research, development, and/or actual formula for the COVID vaccines," "[i]t would be very very helpful if we could get a document signed off on by a City Doctor that essentially makes the argument as to why this is BS." (ECF No. 29-3 at 8-9.) In particular, Plaintiffs argue that this "BS" framing "addresses the factual gaps identified by the Second Circuit in [NYFRL] regarding facial neutrality." (ECF No. 29 at 1.)

Based on these emails, the proposed TAC brings Free Exercise Clause, Establishment Clause, and Equal Protection claims as well as NYSHRL and NYCHRL claims for religious discrimination against the six proposed-defendants. Additionally, Plaintiffs supplement their Title VII discrimination claims against the City Defendants, adding allegations that the September 2021 emails show that their religious beliefs were subject to "hostile characterizations." (TAC ¶ 1427.)

Plaintiffs assert that leave to amend is warranted under Rule 15 as undue delay, prejudice, and futility are lacking. (ECF No. 29 at 2)

Defendants oppose the motion to amend as futile. (ECF No. 31.) The City raises the substantive and procedural bars, outlined above, that it had raised in its motion to dismiss the SAC. (*Id.* at 1.) The City argues that the TAC did not cure these defects, that the cited emails were sent three years before the instant

suit was filed, and that therefore they would "not affect the Court's analysis of Plaintiffs' manifest procedural bars to suit." (*Id.* at 2.)   The City also notes that the Second Circuit has held that "'[t]he Vaccine Mandate, in all its iterations, [wa]s neutral and generally applicable.'"  *Id.* (quoting *Kane I*, 19 F.4th at 164.) The City concludes that Plaintiffs should be denied leave to amend a third time.

## LEGAL STANDARD

A decision to grant or deny a motion to amend is within the sound discretion of the trial court.   *Foman v. Davis*, 371 U.S. 178, 182 (1962).   A party may amend its pleading after responsive pleadings have been filed "only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).   When deciding whether to grant leave to amend, a court considers undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of the amendment.  *See Forman*, 371 U.S. at 182.

A proposed amendment is futile if it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)."  *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).   In its assessment of futility, the court is required to accept the material facts alleged in the amended complaint as true and draw

7

reasonable inferences in the plaintiffs' favor. *See Ashcroft v. Iqbal*, 566 U.S. 662, 678-79 (2009). To survive a motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Additionally, Plaintiffs seek to add six new parties; this is governed by Fed. R. Civ. P. 21. "There is . . . little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion." *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012).

### DISCUSSION

In evaluating Plaintiffs' motion to file a third amended complaint, this Court will consider the futility of Plaintiffs' proposed-claims against the six proposed-defendants.

### I.   Constitutional Claims

#### a. Free Exercise and Establishment Clause

The First Amendment's "Free Exercise Clause [ ] protects an individual's private right to religious belief, as well as 'the performance of (or abstention from) physical acts that constitute the free exercise of religion.'" *Kane I*, 19 F.4th at 163-64 (quoting *Cent. Rabbinical Cong. of U.S. & Can. v. N.Y.C. Dep't of Health & Mental Hygiene*, 763 F.3d 183, 193 (2d Cir. 2014)). Plaintiffs allege that "[t]he accommodation process as designed

and implemented was not neutral." (ECF No. 29-2 ¶ 1448.) The Second Circuit's holding in *Kane I*, "that the City's Vaccine Mandate, in all its iterations, [wa]s neutral[,] generally applicable, and facially constitutional under the Free Exercise Clause," remains binding. *NYFRL*, 125 F.4th at 330 (internal quotations omitted). Thus, the Plaintiffs' facial First Amendment free exercise claim is futile and may not be included in the TAC.

To the extent that Plaintiffs claim that, even assuming that the accommodation process was facially constitutional, but nevertheless violated the Free Exercise Clause, this too is futile. The Second Circuit has previously affirmed the district court's dismissal of an as-applied Free Exercise challenge to the Vaccine Mandate and accommodations process, reasoning that the complaint identified the city panel's undue-hardship rationale, but offered only "threadbare conclusions" to contradict that finding. *NYFRL*, 125 F.4th at 332-35.

Here, Plaintiffs allege that "Defendants lack a compelling interest in categorical denial of religious accommodation where the vaccines do not meaningfully prevent transmission, where natural immunity provides equivalent or superior protection, where less restrictive alternatives including testing, masking, and remote work were available and used successfully, and where Defendants themselves accommodated at least 163 similarly situated employees without demonstrated hardship." (TAC ¶ 1450.)

9

Plaintiffs' amendment does not allege "more-than-conclusory allegation[s] that the finding of undue hardship was erroneous or pretextual." *NYFRL*, 125 F.4th at 333; *see also Hurley v. Dep't of Educ. of N.Y.*, No. 24-cv-1664 (NRM) (LKE) 2025 WL 2711471, at *12 (where the plaintiff "on numerous occasions refers to 'undue hardship' as the reason for the Citywide Panel's denial of her appeal," "her pleading suggests that Defendant denied her exemption request 'on the independent ground of undue hardship.' " (quoting *NYFRL*, 125 F.4th at 335)). Based on the Second Circuit's decision in *NYFRL*, Plaintiffs' as-applied First Amendment free exercise claim is futile and may not be included in the TAC.

As to Plaintiffs' Establishment Clause challenge, "[t]he Establishment Clause prevents the enactment of laws that have the 'purpose' or 'effect' of 'advancing or inhibiting religion.' " *NYFRL*, 125 F.4th at 330 (quoting *Agostini v. Felton,* 521 U.S. 203, 222-23 (1997)). *NYFRL* forecloses claims that the Vaccine Mandate facially violates the Establishment Clause, and this claim is futile and may not be included in the TAC. *Id.* at 331 (rejecting the argument that the Citywide Panel system violates the Establishment Clause, reasoning that the Mayor de Blasio's challenged statements "were made *before* the Panel process was even contemplated. And crucially, Appellants do not plead any tangible connection between the statements and the Panel's processes.").

As to any as-applied Establishment Clause challenge,

10

Plaintiffs allege that "[t]he newly produced email chain reveals" that the proposed-defendants "deliberately chose to resolve a religious dispute — whether a believer could reconcile their faith with the use of fetal cell lines in vaccine development — by taking a side and enforcing that position in adjudicative proceedings against Plaintiffs." (TAC ¶ 1458.) According to Plaintiffs, "the guidance explicitly favored the interpretations of mainstream religious leaders over those of individual believers and minority faith communities[.]" (TAC ¶ 1459.) These allegations, which attempt to use the proposed-defendants' 2021 emails to show that the Vaccine Mandate and accommodations process privileged some religious beliefs over others, fail to satisfy Plaintiffs' pleading burden to state a viable claim. As outlined above, the Second Circuit has determined that neither the Vaccine Mandate nor the panel procedures privileged some religious beliefs over others or were infected with religious animus. *See NYFRL*, 125 F.4th, at 330–32. The Plaintiffs' conclusory allegations are insufficient to state a claim for relief and may not be included in the TAC. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### b. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  The Equal Protection Clause therefore "requires that the government treat all similarly situated people alike." *Harlen Assocs. v. Incorporated Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001).  Where the law at issue "neither burdens a fundamental right nor targets a suspect class," the Court will uphold a "classification so long as it bears a rational relation to some legitimate end." *Winston v. City of Syracuse*, 887 F.3d 553, 560 (2d Cir. 2018) (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)).

Here, Plaintiffs' facial equal protection claim amounts to an assertion that the Vaccine Mandate discriminated against employees with religious beliefs.  Plaintiffs' facial First Amendment claims failed because the DOE's Vaccine Mandate "'in all its iterations, [wa]s neutral[,] generally applicable,' and facially constitutional under the Free Exercise Clause." *NYFRL*, 125 F.4th at 330 (quoting *Kane I*, 19 F.4th at 164).  Therefore, "Plaintiffs' Equal Protection Clause challenge to the Mandate fares no better than their First Amendment challenge." *Kane I*, 19 F.4th at 167 n. 14.  Plaintiffs are denied leave to assert an Equal Protection claim in their proposed TAC.

And to the extent Plainffs bring an as-applied Equal

12

Protection claim, the TAC makes only a passing reference to similarly situated employees. *See* TAC ¶¶ 465, 853. "[C]ourts in this Circuit have rejected equal protection claims based on differential treatment in application of a vaccine mandate based on religion where, as here, the plaintiff failed to identify similarly situated individuals treated differently." *Mumin v. City of New York*, 760 F. Supp. 3d 28, 63 (S.D.N.Y. 2024); *see Lynch v. Dep't of Educ. of City of New York*, 822 F. Supp. 3d 258, 282–83 (E.D.N.Y. 2026) (collecting cases). Plaintiffs' failure to identify any comparator beyond the mere mention of other employees who were allegedly accommodated dooms any as-applied Equal Protection claim, which therefore cannot be included in the TAC. *See Hurley*, 2025 WL 2711471, at *9 (E.D.N.Y. Sept. 23, 2025) ("merely referencing Christian Scientists, or athletes and performers in such a vague and general way does not satisfy the comparator prong of a selective enforcement claim" (citing *Mora v. New York State Unified Ct. Sys.*, No. 22-cv-10322 (VB), 2023 WL 6126486, *14 (S.D.N.Y. Sept. 19, 2023)).

The Court has already permitted Plaintiffs to amend their complaint twice and "strongly encouraged Plaintiffs not to include, in their second amended complaint, claims that the Second Circuit Court of Appeals has already determined are not viable." (ECF entry at 3/19/2025.) Plaintiffs' allegations do not suggest that they are merely "inadequately or inartfully pleaded" but

rather that their deficiencies are "substantive." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Court therefore declines leave to allow Plaintiffs to submit a Third Amended Complaint to plead these Constitutional claims.

## II. State Law Claims

Plaintiffs' remaining claims against the proposed-defendants fall under the NYSHRL and the NYCHRL. "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006). As described above, Plaintiffs' Constitutional claims against the proposed-defendants are futile, and they do not raise Title VII claims against the proposed-defendants. Accordingly, the Court would decline to exercise jurisdiction over Plaintiffs' state law claims against the proposed-defendants. *See Rennalls v. Alfredo*, No. 12-CV-5300, 2015 WL 5730332, at *12 (S.D.N.Y. Sept. 30, 2015) (dismissing the plaintiff's state law claims against certain defendants where the federal claims against those defendants had been dismissed). The Court therefore declines leave to allow Plaintiffs to file a TAC to plead these state-law claims based on futility.

## III. Remaining Issues

Briefly, although Plaintiffs do not raise Title VII claims

14

against the proposed-defendants, Plaintiffs seek to supplement their Title VII claims to include information related to the email chain. *See e.g.* TAC ¶¶ 1416, 1427, 1441. The allegations regarding the email chain have no bearing on Plaintiffs' Title VII claims against the City and the DOE, and any argument that Plaintiffs should be given leave to amend to include this information is meritless.

## CONCLUSION

For the reasons explained above, Plaintiffs' motion to file a third amended complaint is DENIED. The motion at ECF No. 24 to dismiss the Second Amended Complaint will be decided in due course.

**So ordered.**

Dated:      July 2, 2026
            Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

15